**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD ANTHONY HERNANDEZ,<br><br>Petitioner,<br><br>vs.<br><br>ANTHONY A. LAMARQUE, Warden, et al.,<br><br>Respondent. | CASE NO. CV-F-04-5293 OWW WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On March 6, 2001, following a jury trial, Petitioner was convicted in Merced County Superior Court of escape from jail by force or violence, Penal Code Section 4532(b)(2), and escape, Penal Code Section 4532(b)(1). The court sentenced Petitioner to state prison for a total term of twenty-five years to life on count 1, with the twenty-five years to life sentence imposed on count 2 stayed by the court.

Petitioner filed a direct appeal with the California Court of Appeal for the Fifth Appellate District ("Court of Appeal"). In an unpublished opinion entered on September 16, 2002, in case number

1 F038126, the Court of Appeal reversed the judgment reversed the judgment as to count 2 and affirmed
2 the judgment in all other respects. On October 3, 2002, the Court of Appeal entered an Order Modifying
3 Opinion and Denying Rehearing that did not affect the judgment.

4     Petitioner filed a petition for review with the California Supreme Court which the court denied
5 on November 26, 2002. Respondent admits that Petitioner has exhausted all of the claims in the present
6 petition by presenting them to the California Supreme Court.

7     Petitioner filed the present petition on February 4, 2004. Respondent opposes the petition.

**DISCUSSION**

JURISDICTION

10     Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to
11 the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the
12 United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504
13 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States
14 Constitution. In addition, the conviction challenged arises out of the Merced County Superior Court,
15 which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the
16 court has jurisdiction over the action.

17     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996
18 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v.
19 Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997);
20 Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769
21 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh
22 v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after
23 statute's enactment). The instant petition was filed on February 4, 2004, after the enactment of the
24 AEDPA, thus it is governed by its provisions.

25 STANDARD OF REVIEW

26     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
27 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
28 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

When, as here, the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

USE OF PEREMPTORY CHALLENGES

Petitioner contends that the trial court committed prejudicial error in denying his motion for a mistrial based on the prosecutor's misuse of peremptory challenges. During a break in jury selection for Petitioner's trial, he raised an objection that the prosecutor had improperly excused five Hispanic jurors, in violation of People v. Wheeler, 22 Cal.3d 258 (Cal. 1978). In Wheeler, the California Supreme Court held that the use of peremptory challenges to remove prospective jurors on the sole ground of group bias violates the right to trial by a jury drawn from a representative cross-section of the community under Article I, Section 16 of the California Constitution.

Evaluation of allegedly discriminatory peremptory challenges to potential jurors in federal and state trials is governed by the standard established by the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 89 (1986). In Batson, the United States Supreme Court set out a three-step process in the trial court to determine whether a peremptory challenge is race-based in violation of the Equal Protection Clause. Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769 (1995). First, the

1  defendant must make a prima facie showing that the prosecutor has exercised a peremptory challenge
2  on the basis of race. Id. That is, the defendant must demonstrate that the facts and circumstances of the
3  case "raise an inference" that the prosecution has excluded venire members from the petit jury on
4  account of their race. Id.

5  If a defendant makes this showing, the burden then shifts to the prosecution to provide a race-
6  neutral explanation for its challenge. See id.   At this step, "the issue is the facial validity of the
7  prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the
8  reason offered will be deemed race neutral." Hernandez v. New York, 500 U.S. 352, 360, 111 S.Ct. 1859
9  (1991).  Finally, the trial court must determine if the defendant has proven purposeful discrimination.

10  In this case, in response to Petitioner's motion, the trial court found that he had stated a prima
11  facie case of discrimination and asked the prosecutor to explain his reasons for excusing the jurors in
12  question.  After hearing argument from counsel in regard to each challenged potential juror, the trial
13  court found the prosecutor's reasons for excusing the jurors was genuine, nondiscriminatory and not
14  pretextual.  The state appellate court subsequently found that there was substantial evidence to support
15  the trial court's findings that all the bases for challenge stated by the prosecution with respect to each
16  prospective juror were nondiscriminatory and genuine, and that it did not err when it denied Petitioner's
17  Wheeler motion.   Unpublished Opinion in case number F038126, at 13.

18  This court finds that Petitioner has failed to carry his burden of demonstrating that the state
19  courts' resolution of the claim "resulted in a decision that was contrary to, or involved an unreasonable
20  application of, clearly established Federal law, as determined by the Supreme Court of the United
21  States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light
22  of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Specifically, although
23  Petitioner claims that the trial court did not adequately evaluate the prosecution's explanations for
24  challenging the prospective jurors, he does not address the Court of Appeal's analysis of this issue.
25  Accordingly, this court finds that Petitioner's contention regarding the denial of his motion for mistrial
26  provides no basis for habeas corpus relief.
27  <u>INSTRUCTION PURSUANT TO CALJIC 17.41.1</u>
28  Petitioner contends that the use of CALJIC 17.41.1 deprived him of his constitutional right to

5

a jury trial. Specifically, Petitioner claims that the instruction "empowers jurors in the majority to use the instruction as leverage against those in the minority by threatening to report them to the trial court if they do not change their position on the verdict. There is a threat implicit in the challenged instruction that a penalty (discharge from the jury and such unstated action as might be encompassed in the instruction's imposition of the obligation to report recalcitrance) will be imposed upon a juror whose views place him or her in opposition to those of the majority."

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. See, id. at 72. Additionally, the instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. Id. The court must evaluate jury instructions in the context of the overall charge to the jury as a component of the entire trial process. See, United States v. Frady, 456 U.S. 152, 169 (1982) (*citing* Henderson v, Kibbe, 431 U.S. 145, 154 (1977)). Furthermore, even if it is determined that the instruction violated the petitioner's right to due process, a petitioner can only obtain relief if the unconstitutional instruction had a substantial influence on the conviction and thereby resulted in actual prejudice under Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710 (1993) (whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). See, Hanna v. Riveland, 87 F.3d 1034, 1039 (9th Cir. 1996). The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Id.

In the present case, Petitioner has failed to carry his burden of demonstrating that the state courts' resolution of his contention based on CALJI No. 17.41.1 "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Petitioner's contention that his right to trial by jury was violated by the giving of the instruction is foreclosed by Brewer v. Hall, 378 F.3d 952, 957 (9th Cir.2004), in which the Ninth Circuit affirmed district court's denial of relief because there is no clearly established federal law holding that

1 CALJIC 17.41.1 violates an existing constitutional right.  Accordingly, this claim presents no basis for
2 habeas corpus relief.
3   Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
4 corpus be DENIED and that judgment be entered for Respondent.
5
6   These Findings and Recommendation are submitted to the assigned United States District Court
7 Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules
8 of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days
9 after being served with a copy, any party may file written objections with the court and serve a copy on
10 all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
11 Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus
12 three days if served by mail) after service of the objections.  The court will then review the Magistrate
13 Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
14 objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez</u>
15 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
16 IT IS SO ORDERED.
17 **Dated:   August 11, 2006**           **/s/  William M. Wunderlich**
   mmkd34                     UNITED STATES MAGISTRATE JUDGE
18
19
20
21
22
23
24
25
26
27
28